IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PENNSYLVANIA NATIONAL ) 
MUTUAL CASUALTY )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. 13-066-CG-M
 )
ST. CATHERINE OF SIENA )
PARISH, et. al. )

    Defendants.

**ORDER**

This matter is before the court on the partial motion to dismiss for failure to plead fraud claims with particularity (Doc. 41) filed by the plaintiff and counter-defendant, Pennsylvania National Mutual Casualty Insurance Company ("Penn National").

Penn National seeks to dismiss Count Four of defendant Kiker Corporation's ("Kiker's") counterclaim, in which Kiker alleges claims of misrepresentation, suppression, and fraud. Doc. 37 at 8-9. Penn National argues that Kiker has not met the particularity requirements of Fed.R.Civ.P. 9(b) because Kiker failed to state how, when, and by whom the alleged misrepresentations were made and the content of the misrepresentations. Doc. 41 at 3.

For the reasons stated below, Penn National's motion is due to be denied.

# I. RULE 9(b) SPECIFICITY REQUIREMENT

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement is met when a complaint or counterclaim sets forth the following facts: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citing Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).

The particularity rule serves an important purpose in fraud actions by alerting defendants to the "precise misconduct with which they are charged" and protecting defendants "against spurious charges of immoral and fraudulent behavior." Durham v. Business Mgmt. Assoc., 847 F.2d 1505, 1511 (11th Cir. 1988). The application of the rule, however, must not abrogate the concept of notice pleading. Id.

# II. ANALYSIS

Penn National only cites paragraph 22 of the counterclaim in its motion. Doc. 41 at 2-3. However, Count Four incorporates by reference the

2

previous 20 paragraphs contained in the counterclaim, and includes the following factual allegations: Kiker purchased a Commercial General Liability policy from Penn National in May 2003. Doc. 37 at 5. On March 10, 2010, the St. Catherine of Siena Parish ("St. Catherine's") filed suit against Kiker in the Circuit Court of Mobile County for damages resulting from leaks in the roof of its church, which Kiker had replaced several years earlier. Id. Penn National sent Kiker a reservation of rights letter shortly thereafter, on March 23, 2010, and subsequently hired an attorney named Bert Taylor ("Taylor") to represent Kiker in the litigation. Id. at 6.

During the course of the litigation, sometime between October 29 and November 1, 2012, Kiker alleges that Taylor filed motions seeking to dismiss all of St. Catherine's claims with the exception of a single breach of contract claim. Id. The dismissal of these claims would allegedly have jeopardized Kiker's coverage under the policy and left Kiker liable for a judgment on the remaining breach of contract claim. Id. at 6-7. Kiker further alleges that Penn National not only failed to inform Kiker of this potential adverse consequence until after the trial court granted the motions filed by Taylor, but that Penn National and Taylor undertook this litigation strategy in bad faith in order to avoid paying a judgment under the policy and suppressed this fact from Kiker. Id. at 6-9.

Although most of the factual allegations above are recited in Counts Two and Three, they also pertain to the allegations of suppression in Count

3

Four and are specifically adopted and realleged in Count Four. Thus, the court finds that Kiker's counterclaim contains sufficient detail to alert Penn National to the precise misconduct which was alleged in Count Four, and comports with the particularity requirement contained in Ziemba and Brooks. Accordingly, Penn National's partial motion to dismiss for failure to plead claims with particularity is **DENIED**.

    **DONE** and **ORDERED** this 30th day of July 2013.

                              /s/ Callie V.S. Granade
                              **UNITED STATES DISTRICT JUDGE**