IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE CO., <br> Plaintiff, <br> v. <br> ST. CATHERINE OF SIENA PARISH, *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 13-00066-KD-M <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the Court on Defendant St. Catherine's Motion to Dismiss and Abstain (Doc. 69) and Pennsylvania National's Response (Doc. 94).

**I.  Background**

This is a declaratory judgment action[1] to determine whether Pennsylvania National (the insurer) has a duty to indemnify Kiker (its insured) for the November 2, 2012 $350,000 state court verdict entered against Kiker and in favor of St. Catherine on St. Catherine's breach of contract claim.[2] (Docs. 1, 17). Specifically, Pennsylvania National seeks a determination by this Court that St. Catherine's breach of contract and faulty workmanship claims against Kiker do not constitute an "occurrence" under the relevant commercial general liability policy ("CGL policy") and that the CGL policy excludes damages for bodily injury and property damage. St.

---

1  The Complaint alleges federal diversity jurisdiction.  (Doc. 17 at 2).

2  *St. Catherine of Sienna Parish v. Kiker Corporation, Thompson Engineering, Inc., Thompson Engineering Testing, Inc., and Damon Lett Roofing*, Circuit Court of Mobile County, Alabama (CV 2010-900578). This dispute relates to replacement of St. Catherine's roof (after Kiker replaced the roof with a "40 year roof," it began leaking 4 years later) which prompted St. Catherine to sue Kiker in state court for negligence, wantonness, breach of contract, misrepresentation and suppression.  Pennsylvania National defended Kiker under a reservation of rights, advising Kiker there was no coverage under the terms of the insurance policy for breach of contract. All claims were dismissed except for negligence and breach of contract, which proceeded to trial. At trial, the court granted Kiker's motion for judgment as a matter of law on the negligence claim, while the jury resolved the breach of contract claim (finding in favor of St. Catherine in the amount of $350,000).  Thereafter, Kiker and St. Catherine appealed the state court jury verdict, which remains pending on appeal before the Alabama Supreme Court.

Catherine seeks dismissal of this action, on the following specific grounds: 1) Pennsylvania National's indemnification claims are premature (not ripe); 2) Pennsylvania National lacks standing; and/or 3) a stay should be entered, per Colorado River abstention, given the pending appeal.

II.  **Discussion**

At the outset, while St. Catherine's motion -- styled as a Rule 12(b)(1) motion to dismiss due to lack of subject matter jurisdiction -- is technically untimely,[3] the Court finds that the motion is not limited to this issue, as St. Catherine has raised the broader issues of standing, ripeness, and abstention. Nevertheless, this Court can assess the presence (or absence) of subject matter jurisdiction at any given time.

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is the same as the standard of review for a Rule 12(b)(6) motion to dismiss attacking the legal sufficiency of the complaint. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and explaining its decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

---

3 Per Rule 12(b)(1), "a motion asserting [this]…defense [of lack of subject matter jurisdiction] must be made before pleading if a responsive pleading is allowed." St. Catherine filed its Answer in March 2013, and did not move to dismiss for lack of subject matter jurisdiction before doing so. (Doc. 28 at 3-5). See, e.g., U.S. ex rel Powell v. American InterContinental Univ., Inc., 2012 WL 2885356, *2 (N.D. Ga. Jul. 12, 2012).

678.[4]

In considering a 12(b) motion, the court is primarily limited to the face of the complaint and its attachments. "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings ..." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-1369 (11th Cir. 1997) (internal citations omitted). Several circumstances exist in which a court may consider matters outside of the pleadings in ruling on a 12(b) motion without converting the motion to a motion for summary judgment. Davis v. Self, 2013 WL 754853, *2 (N.D. Ala. Feb. 25, 2013). One of these circumstances arises when facts or documents are subject to judicial notice. Fed. R. Evid. 201(a)-(d); La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed[]").

The considerations in this case, as noted below, are influenced by the status of underlying state court case from the Mobile County Circuit Court – from which a state court judgment (via jury verdict) has issued. Because this case (and the related documents) are part of the public record, to the extent necessary for resolution of this motion to dismiss, the Court takes judicial notice of same without converting the motion into one for summary judgment. See, e.g., Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for

---

[4] Additionally, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561. For a motion to dismiss, standing is evaluated based on the facts alleged in the complaint, and the court may not "speculate concerning the existence of standing or piece together support for the plaintiff." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

summary judgment ... Public records are among the permissible facts that a district court may consider."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994) ("a court may take notice of another court's order ... for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

  A. **Standing**

In order for a federal court to have subject matter jurisdiction to hear an action, there must be an actual case or controversy. U.S. Const. Art. III, § 2, cl. 1; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "A party has standing to bring an action under the Declaratory Judgment Act if an actual controversy exists ... which is the same as an Article III case or controversy." Arris Group, Inc. v. British Telecomm. PLC, 639 F.3d 1368, 1373 (11th Cir. 2011) (internal quotation marks omitted). A Declaratory Judgment Act plaintiff must allege facts from which it appears "there is a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1265 (11th Cir. 2001). See also Bowen v. First Family Fin. Serv., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000) (same); Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1346 (11th Cir. 1999) (noting that a plaintiff seeking declaratory relief must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future). Specifically, in a declaratory judgment action, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). See also e.g., Lee v. Bethesda Hosp., Inc., 2013 WL 6480066, *2 (S.D. Fla. Dec. 10, 2013) (citing MedImmune

and holding that "[]if the 'facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality,' then a case or controversy exists[]").

Additionally, the Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C. § 2201. The Supreme Court has characterized the Declaratory Judgment Act as an enabling Act, conferring "a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). Such broad discretion rests with the district courts because "[w]hen all is said and done ... 'the propriety of declaratory relief … will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power[;]'" indeed, "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." Id. at 287, 289.

St. Catherine contends that this Court lacks subject matter jurisdiction because Pennsylvania National lacks standing as the injury it cites is not actual or imminent, nor is it redressable by the Court. (Doc. 69 at 6). Specifically, St. Catherine asserts that Pennsylvania National alleges no imminent harm in the Complaint, only that it is not liable for the verdict in the underlying state court litigation. (Id.) St. Catherine, however, relies on general standing case law for this assertion rather than standing in the context of a declaratory judgment action.

Based on the complaint, Pennsylvania National alleges that: 1) the jury's verdict of $350,000 against its insured Kiker was only for St. Catherine's breach of contract claim, for which it has no duty to defend or indemnify Kiker; 2) a bona fide justiciable controversy exists

5

which should be resolved; 3) the relevant portions of the CGL policy and amendments/endorsements are clear and unambiguous; 4) there is no indemnity afforded under the policy to Kiker for the verdict entered against it in the underlying state court litigation; 5) it is not liable for satisfying any portion of the $350,000 judgment awarded to St. Catherine for its claims against Kiker; and 6) it owes no further duty to defend Kiker. (Doc. 17 at 7). As such, Pennsylvania National has shown that a case or controversy exists for purposes of the Declaratory Judgment Act because under all the circumstances, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Indeed, case law supports such a result.

>As explained in Edwards v. Sharkey, 747 F.2d 684, 686-687 (11th Cir. 1984):
>
>The second jurisdiction issue focuses on whether there was a "case or controversy" before the district court as required by 28 U.S.C. § 2201. The Fifth Circuit Court of Appeals has cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured. *See American Fidelity & Casualty Co. v. Pennsylvania Thresherman & Farmers' Mutual Casualty Co.,* 280 F.2d 453 (5th Cir.1960). This caution, however, is predicated on the traditional discretion of federal courts exercising jurisdiction over declaratory judgment actions. See id. at 461 ("The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense."); *MacMillen-Bloedel, Inc. v. Fireman's Insurance Co.,* 558 F.Supp. 596, 599 (S.D.Ala.1983) (interpreting American as rule governing discretion). *But see Great Northern Paper Co. v. Babcock & Wilcox Co.,* 46 F.R.D. 67, 70 (N.D.Ga.1968) (American a constitutional rule). Moreover, the Supreme Court of the United States has held that a "case or controversy" exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1940). Finally, even if there was no "case or controversy" before the district court because of the lack of a judgment against the insured, the settlement of the tort actions provides the necessary establishment of the insured's liability. *See Allstate Insurance Co. v. Employers Liability Assurance Co.,* 445 F.2d 1278, 1281 (5th Cir.1971).

Thus, standing has been found to exist for insurance coverage disputes which are "manifestly

6

susceptible of judicial determination" under Article III -- *even when no insurance claim has been submitted and no judgment triggering insurance obligations has issued*. See, e.g., Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (holding that a tort claimant had Article III standing to seek a declaration in federal court that the tortfeasor's insurer owed the insured tortfeasor a duty to indemnify even though the underlying tort suit had not yet been reduced to judgment); American States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998) (finding in a declaratory judgment action by the insurer, that a case or controversy existed even though injured parties' claims against insured had not yet been reduced to a judgment). Indeed, in the case of liability policies, a dispute or controversy between the insurer and insured as to the fact or extent of liability under the policy, including the insurer's obligation to defend the insured, is generally held to present an actual or justiciable controversy within the Declaratory Judgment Act. See generally Penn-America Ins. Co. v. Coffey, 368 F.3d 409 (4th Cir. 2004); Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166 (D.C. Cir. 2003).

Here: 1) an insurance claim has been submitted; 2) there has *already* been a state court judgment triggering insurance obligations; 3) Pennsylvania National initiated this litigation after the state court judgment was rendered; and 4) per the declaratory judgment action, there is an active dispute between the insured (Kiker) and the insurer (Pennsylvania National), as to coverage under the policy. As such, Pennsylvania National has standing to bring this Declaratory Judgment action. St. Catherine's position that Pennsylvania National lacks standing because it has "taken an active role" in appealing the state court judgment is not supported by law. As such, St. Catherine's motion to dismiss, based on Pennsylvania National's lack of standing, is due to be denied.

B.     **Lack of Ripeness**

As noted *supra*, following the November 2012 state court judgment, Kiker and St. Catherine appealed, and the appeal remains pending before the Alabama Supreme Court. In the instant motion to dismiss, St. Catherine contends that this federal case is not ripe because: 1) Pennsylvania National appealed the state court verdict on the basis that it is not liable to indemnify Kiker such that the obligation created by the state court judgment "is not yet a certainty but rests with the Alabama Supreme Court[,]" and the declaratory judgment complaint is accordingly based on future events that may never happen; and 2) St. Catherine's cross-appeal of the dismissal of its negligent and negligent supervision claims raises an issue of agent status as to Damon Lett that may have "drastic ramifications for coverage issues[.]"   (Doc. 69 at 8).

At the outset, St. Catherine is mistaken.  Pennsylvania National was not a party to the state court litigation and is thus not a party to the appeal.

Additionally, a declaratory judgment should not be entered unless there is a controversy "ripe" for judicial resolution: "[p]ut a different way, '[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Saint Paul United Meth. Church v. Gulf States Conf. Assn. of Seventh-Day Adventists, Inc., 2012 WL 4477653, *2 (M.D. Ala. Sept. 28, 2012) (citing binding precedent Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967)). A lack of ripeness is not a viable basis for St. Catherine's motion to dismiss because a judgment has already been rendered against the insured (Kiker) and the underlying claim has been resolved. See, e.g., Essex Ins. Co. v. Foley, 2011 WL 1706214, *3 and note 5 (S.D. Ala. May 5, 2011) (citing Allstate Ins. Co. v. Employers Liability Assur.

Corp., 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize[]")), and Allstate Indem. Co. v. Lewis, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit") (citation omitted). "It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability." Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F.Supp.2d 1205, 1211-1212 (S.D. Ala. 2005)) (footnotes omitted). See also e.g., Pennsylvania Nat. Mut. Cas. Ins. Co. v. King, 2012 WL 280656, *5 (S.D. Ala. Jan. 30, 2012) ("[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action[]").

As the state court has already determined the liability of Kiker, the insured, a lack of ripeness is not a proper grounds upon which St. Catherine can root its motion to dismiss. As such, St. Catherine's motion to dismiss, based on a lack of ripeness, is due to be denied.

### C. Abstention

St. Catherine asserts that entry of a stay based on Colorado River abstention is proper under the circumstances. However, Colorado River authorizes a federal court to dismiss or stay an action where there is an ongoing parallel action in state court, *but only under exceptional circumstances* because the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter" in federal court and federal courts have a "virtually unflagging obligation to exercise their jurisdiction." Jackson-Platts v. General Elec.

9

Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013); Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004); Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1328 (11th Cir. 2004). The Supreme Court framed this doctrine as an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).[5] Indeed, "[o]nly the clearest of justifications will warrant dismissal of the federal action" under Colorado River. Ambrosia Coal, 368 F.3d at 1329 (citation omitted).

As a threshold matter, a federal court may abstain under Colorado River only if there is a parallel state action – *i.e.*, an action involving "substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. Cases are parallel when they involve the same parties and claims; however, when the two cases are not truly duplicative in the identity of the parties and claims, Colorado River abstention is not appropriate. See, e.g., Essex Ins. Co. v. Foley, 2011 WL 290423, *2 at note 4 (S.D. Ala. Jan. 27, 2011) (providing that "[w]here the declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage[]") (citation and internal quotation marks omitted). "There is no clear test for deciding whether two cases contain substantially similar parties and issues. But…the balance…begins titled heavily in favor of the exercise of the [federal] court's

---

[5] The Eleventh Circuit identified six factors courts consider in assessing if Colorado River abstention is proper: 1) whether any court has assumed jurisdiction over property, 2) the relative inconvenience of the fora, 3) the potential for piecemeal litigation, 4) the temporal order in which each forum obtained jurisdiction, 5) whether state or federal law governs, and 6) whether the state court is adequate to protect the parties' rights. Ambrosia Coal, 368 F.3d at 1331. Courts "must weigh these factors with a heavy bias in favor of exercising jurisdiction." TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1295 (11th Cir.1998). No one factor is necessarily dispositive; "the factors must be considered flexibly and pragmatically, not as a mechanical checklist." Ambrosia Coal, 368 F.3d at 1332. "One factor alone can be the sole motivating reason for the abstention." Moorer, 374 F.3d at 997.

jurisdiction…if there is any substantial doubt about whether two cases are parallel the court should not abstain." Acosta v. James A. Gustino, P.A., 478 Fed. Appx. 620, 622 (11th Cir. 2012). Additionally, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983).

Despite St. Catherine's contentions, the state and federal proceedings are not parallel. Pennsylvania National was not a party to the underlying state case. The parties in the underlying state court case were St. Catherine of Sienna Parish, Kiker Corporation, Thompson Engineering, Inc., Thompson Engineering Testing, Inc., and Damon Lett Roofing. The only "same parties" -- as between the state court case and this federal case -- are St. Catherine and Kiker. Additionally, the underlying state action involved St. Catherine suing Kiker for negligence, wantonness, breach of contract, misrepresentation and suppression related to a construction contract, as opposed to the insurance coverage issues presented in this federal case. Substantially the same parties are thus not litigating substantially the same issues in both courts. As such, abstention under Colorado River is not appropriate.

**III. Conclusion**

Based upon the foregoing, the Court finds that St. Catherine's Motion to Dismiss and Abstain (Doc. 69) is **DENIED**.

**DONE** and **ORDERED** this the **18th** day of **March 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**